Good morning, your honors. May it please the court. My name is Romero Castro. I am the attorney representing the appellant, Mr. Marcelo Orozco-Cortez, who's seated in the last bench in this courtroom. And I'm quite aware that the justices here have reviewed the briefs, and I'd like to make two points with respect to the first issue, which is the issue of abandonment. I believe, and as I stated in my brief, that there was a clear violation of due process there, because the trial court, which was required to apply the substantial evidence standard, which was enunciated in Cochalian and other prior cases, did not make a finding that there was clear convincing evidence of abandonment. In particular, the trial court refused or even neglected to consider the fact that my client, even though he had been absent for two years, continued to have his family residing in the United States. He had U.S. citizen children here. He had property here. He expressed an intent at the hearing that he never intended to stay in Mexico for two years, that basically he was undecided that he was going to stay there. And in fact, he did return to the United States to basically face the music, as you know. Do I have the right case here? My understanding is your client fled the United States to avoid prosecution for a felony? That's correct, Your Honor. He did. Under what standard would such flight and two-year absence not constitute abandonment? Well, it would not constitute abandonment because, one, he returned and he was, when he returned, well, first of all, he was still subject to the jurisdiction of the U.S. courts in California. He left his family and property here, okay, and even though that this was an extended absence, upon his return, he was readmitted into the United States as a lawful resident. In fact, he did. He had a green card. Yes, he had a green card. He was admitted. And that clearly expressed his lack of intent to abandon the United States. When he entered, did he tell them why he had left? I don't believe he did, no. Well, even beyond the issue of the standard, do we even have jurisdiction to review this matter? This is inherently a factual determination, is it not? It's a factual determination, but therefore, we don't have jurisdiction to review it. Well, but there's also a due process violation, and what I'm getting at here is basically that the trial court did not look at all the facts and did not basically require the government to prove by clear and convincing evidence that he abandoned. He neglected to consider the fact that he was out for two years, yes, but he didn't admit that he abandoned his residency. He didn't use those words, but I mean, he made it very clear, did he not, that when he left, he had no intention, had not formed any intention at the time he left that he would ever return. It was only after he was there and concluded he missed his family and that they needed him that he decided to come back. Right. And he admitted all of that, did he not? Yes, he did, but he resumed his residency. And in fact, after he did his time in jail, he went back to Mexico for a short period of time with his family and returned and was admitted again. So we have a period of about five years before this most recent proceeding where he actually maintained his residency in the United States. He paid taxes. He worked. He lived with his family. So we have a period of five years here where he's living in the United States, and it wasn't until this most recent departure that on his return, he was placed in deferred inspection because they discovered that he had this prior criminal conviction. So we believe, one, that the judge found that he had automatically abandoned because he was out more than 180 days. I don't believe that statute applies retroactively to conduct that preexisted IRA-IRA in 1996, in 1997, that is, because there's a, you know, the case in Landgraf versus USI Films indicates that, you know, you can't apply these statutes retroactively to conduct when there's going to be adverse consequences imposed on an individual unless Congress has specifically specified that the statute is to be applied retroactively. And there's no such determination that the Section 101.13c is applied retroactively to conduct preexisting that law. So I don't believe the 180 days automatically bars him from resuming his residency. But, again, the real issue is, does this prolonged absence indicate that he abandoned his residency? I don't believe it does because the coordinate clearly in Kogahulian versus Ashcroft indicates there that when you have prolonged absences, you have to look at the equities. You know, what did he, what did this man leave in the United States which would indicate that he had really not intended to abandon his residency, his family, his property? Mr. Castro, with respect, you never answered my question, and at least for my part, I need to get an answer from you. How under 1252A.2d do we have jurisdiction? I know you say that there is a question, but it's a question of fact, is it not? And so my question is, under that section, how do we have any jurisdiction to review your claim? Well, it's a question of due process, whether the fact that the applicable standards. You're just going around in circles. You say it's due process. 1252A.2d is not one where you can flip in by claiming a constitutional or colorable legal claim. This is a factual determination. It is an issue of the discretion and the fact-finding abilities of the lower court or the lower tribunal. So that's not going to help you. My question is, how do you get around that problem? Well, Your Honor, the facts indicate that the trial judge did not apply the proper standard to evaluate the facts. You know, the proper evidence But what you're saying is it's a mixed question of fact or law. Yes, it is. Yes, it's the substantial evidence standard, which And under the circumstances, though, the inquiry into the abandonment of his LPR status is inherently factual, is it not? That is, yes. Okay. And that's the crux of your issue. You're saying there wasn't a sufficient finding of fact, not that there weren't facts discussed, but there was an insufficient amount. So my question is, in light of 1252a2d, how do we have jurisdiction to review that? Well, the courts have jurisdiction to decide whether the trial courts have applied the proper standards, and here is the substantial evidence standard. Your argument is they didn't. Yes, they didn't apply it. Can we tell from the record what standard was applied? I don't know. They didn't apply any standard, because they totally neglected to consider the fact that my client resumed his residency. What is, in your view, the proper standard? The substantial evidence standard, placing the burden on the government to prove by clear and convincing evidence that my client abandoned his residency. And I think we understand your argument. You have a little under two minutes. You want to save it for rebuttal? Yes, please. One quick question is the other issue is the continuance issue. Again, I think the courts have jurisdiction to decide whether the trial courts abused my client's rights of due process after requesting the continuance in order to apply for a lawful permanent residency through his U.S. citizen son. The courts in the BIA and Tina Harrow, Alscock, they've also stand for the proposition that the courts are entitled to give a respondent a meaningful continuance in order to apply for relief. And the courts here should have done that. Okay. You have a little over a minute. Thank you. I'll reserve it for rebuttal. Thank you. We'll hear from the Attorney General at this time. Counsel? Good morning. Good morning, Your Honors. May it please the Court, my name is Jessica Malloy and I represent the United States Attorney General in this matter. Your Honors, in January of 1997, the petitioner returned to the United States after spending over two years in flee from prosecution for the attempted murder charge of Augustine Hernandez where he was remaining in Mexico at that time. In May of that year, petitioner did plead guilty for having stabbed Augustine Hernandez 12 to 13 times. Your Honors, as a preliminary matter, inadmissibility, his removability is not an issue in this case. He conceded his inadmissibility and he was found inadmissible and he did not contest that before the Board of the Court today. What is an issue is whether or not the petitioner is eligible for the discretionary relief from removal known as cancellation of removal for lawful permanent residents. Your Honors, as previously noted, 242A2C of the Immigration Nationality Act provides that this court is without jurisdiction over final orders of removal when the petitioner was found inadmissible for committing a crime involving moral turpitude. We previously found the court has under similar statutes that we have jurisdiction to review mixed questions of law and fact, haven't we? That's Ramadan? Yes, Your Honor. However, 242A2D of the INA does not act to restore jurisdiction over the matter because petitioner has not raised a mixed question of law or fact or a question of law or a constitutional claim over either issue whether or not he abandoned his lawful permanent resident status or if the immigration judge abused his discretion in denying the motion to continue proceedings. The Supreme Court heard argument in November in Kuchana, I hope I'm pronouncing it correctly, K-U-C-A-N-A versus McKazy, which deals with the discretion, the ability, the jurisdictional ability of the courts of appeal to review discretionary decisions in that case involving a motion to continue. Doesn't that case involve that? Your Honor, it is about a motion to reopen proceedings. However, at this point, as the ruling has not come out in Kuchana, the law stands that so long as the petitioner does not raise a question of law or a constitutional claim or even a mixed question of law and fact for Ramadan, that this court is without jurisdiction. Taking each... The Supreme Court usually doesn't take cases from the court of appeals, especially where there's a split, where they intend to affirm, and they've taken the Seventh Circuit case which said no jurisdiction, correct? Yes, Your Honor. Which would suggest that they might be entertaining the thought of saying, like the other circuits have, that there is jurisdiction. Your Honor... May I ask you on the question, the other question of abandonment, isn't it a legal question whether the complex of facts shows a legal intent to abandon his residence in the United States? Your Honor, in this court's decision of Kodigolian v. Ashcroft... I mean, can you speak a little more slowly and a little louder? Sure. Absolutely. What's your answer? Your Honor, it is a factual question per this court's decision. Well, are you saying that why is it a factual question? This court found that discussing whether or not the intent demonstrated, abandonment of lawful permanent residence status was intrinsically fact-specific. What's intrinsically add to it? Your Honor, merely that it is a factual question. It's just a way of saying very factual. Yes, Your Honor. Well, you have certain actions which you can testify to and so forth. Then you have to interpret their meaning. And when you get to interpreting their meaning, aren't you asking and answering a legal question? Your Honor, this court noted that this was a factual question and is the government's position today, specifically noting that the test for abandonment is a factual test, whether the aliens extended trips abroad constituted a temporary visit abroad. And the court has outlined extensive facts-sensitive analysis on whether or not this trip abroad is temporary or not. And specifically, in order to determine if he had, in this case, Petitioner Orozco Cortez, had a continuous uninterrupted intention, the court could look to, yes, property holdings or familial relationships, in this case either Mexico or the United States, but also his intent in leaving the United States. It sounds like your answer to Judge Noonan's question is it's a factual question because it's a factual question. Is that right? Yes, Your Honor, because facts are what need to be analyzed in order to determine if there's intent. You can't dig any deeper than that. I'm sorry? You can't dig any deeper than that in your analysis. No, Your Honor. Well, actually, at least based on my research, Chavez Ramirez, one of our cases from 1986, had similar factual situations. The court focused on the specific circumstances of the alien's departure, and the subjective intent was found to be inherently factual, despite the fact it was a mixed matter of fact and law. Alaska v. Attorney General, Third Circuit, I don't know how to pronounce this, Koegolian v. Ashcroft, one of our cases, and Katebe v. Ashcroft, a First Circuit case, all involved similar factual situations and were all found to be factual, despite the fact they were mixed questions of fact and law, and that we did not have jurisdiction. Do you have anything that would gainsay what I just indicated? No, Your Honor. Wise choice. Your Honor, in Petitioner's attempt to cloak the issue as a question of law, referencing the 101A13C of the Immigration Nationality Act is without merit. First Petitioner misconstrues the immigration judge's decision in the matter. The immigration judge did not rely on the 180-day provision of 101A13C. The immigration judge relied on the case law, which does define abandonment in the matter. One hundred and eighty days was never discussed in the immigration judge's decision. The Court denied the Petitioner's motion to continue. Your Honor, the Board summarily affirmed the immigration judge's decision to deny the motion to continue. Do we have jurisdiction over that? No, Your Honor. Again, the motion to continue, the Petitioner's attempting to cloak an abuse of discretion argument as a violation of due process, which is the case. We don't have jurisdiction over the motion to continue because, complete the sentence. Because it is not a question of law or a question of fact, Your Honor. Martinez-Rosas stated that it is not a question of, it is not proper to cloak an abuse of discretion argument as a due process violation in order to, in this case, provide this court with jurisdiction in 242A2D. Separate and apart from his abandonment contingent, isn't it? Yes, Your Honor. The claim is that his son has an approved I-130 petition, and he asked the Board, the Petitioner's son, to file an I-130 letter so he could pursue that. Is that correct? With one small caveat, Your Honor, the Petitioner's I-130, the Petitioner's son, I-130, was not even filed while he was before the immigration judge, which is why the immigration judge denied the motion to continue proceedings because it was speculated at best that the I-130 would be filed and would be approved and that a 212H waiver of his crime involving moral turpitude would be approved. Is there a difference for jurisdictional purposes between a motion to reopen and a motion to continue? Not for this case, Your Honor, as this is... Just as a general concept of immigration law, is there a difference? Your Honor, yes, with respect to the fact that this Court's decision in Sandoval-Luna v. Mukasey found that this Court is with jurisdiction to review the discretionary by virtue of federal regulation are reviewable by us, but not so if they're based on federal statute.   in Sandoval-Luna v. Mukasey found that this Court's decision in Sandoval-Luna v. Mukasey  statute. As I see it, this is a case based upon a federal regulation, and therefore, we have jurisdiction. What's wrong with that analysis? Your Honor, what's at issue and what would be incorrect in that situation is the fact that it's not solely with respect to his discretionary denial, but also considering the fact that he was inadmissible for a crime involving moral turpitude. As this petitioner, in comparison to the petitioner in Sandoval-Luna, was found admissible in 212A2. He does have a final order of removal, which is not reviewable by this Court. And, Your Honor, in Sandoval-Luna v. Mukasey, in any regards, the Court found that it was permissible for the immigration judge to deny a motion to continue proceedings when an I-130 was not approved at the time that the motion to continue proceedings was requested. And in this case, an I-130 had not even been filed at the point that the IJ. Let's assume for just a moment that we have jurisdiction. In this case, the Court already granted many continuances over a period of two years. Why, on the merits, would there be any abuse of discretion for failure to grant an additional continuance? You can answer the question. Thank you, Your Honor. Your Honor, there is no constitutional right to delay the proceedings in this matter to permit the petitioner to adjust his status to become a lawful permanent resident. And, therefore, it is not an abuse of discretion for the immigration judge to note that it's speculative at best to determine that he would be able to do so. Your Honors, if there's no further questions? I don't see any. Thank you for your argument. Thank you very much. We're going to try again this morning. Do you have any rebuttal that might help us decide this case? Yes, Your Honor. I'd like to address this last issue of the continuance. I believe that counsels for the government made reference to the Sandoval-Luena case, and I believe that the facts in that case are a little distinguishable from what was going on here. In that particular case that was cited, there was absolutely no — whether the respondent would be even eligible for an I-130. In this case, there was absolutely no speculation that my client would be eligible to be a beneficiary of an I-130 filed by his U.S. citizen son. These petitions are routinely approved just on the basis of proving the relationship. It wasn't speculative. I think the court should have given my client the opportunity to perfect his I-130. It was — you know, the courts have done this routinely in other cases where respondents are seeking collateral relief to set aside convictions or to get expungements of drug possession convictions, especially in the Ninth Circuit. The cases are routinely postponed. How many continuances is someone entitled to? Well, Your Honor, that's up to the discretion of the court. There's no automatic — A hundred? Three hundred? Five hundred? No. Your Honor, I would say a reasonable continuous to allow the respondent to perfect some relief. How many continuances did your client previously receive? He only received — he never received any. One matter was put over because we filed a motion to reconsider after he was denied cancellation on the basis that he had been convicted of an aggravated felony. That matter — in that case, subsequently we made a modification of the conviction to bring it under the one-year limit. It took it out of the aggravated felony category. And with that evidence, we made a motion to reconsider. The matter was reopened again. It wasn't a continuance in order to — If you're wrong, do you lose?  I don't remember. My question is, were you granted continuances? I believe the court did make some continuances in order to — There were several, weren't there? Well, I believe there was one or two, yes. Were any related to the I-130? None. None, Your Honor. Thank you for your argument. Thank you. The case just argued will be submitted for decision.
judges: Noonan, Hawkins, Smith M.